DAVE POTTER V. THE STATE.

No. 21060. Delivered May 15, 1940.

The opinion states the case.

*R. E. Eubank,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given 100 days in jail on a charge of liquor law violation. The trial was in the District Court of Red River County, proceeding under statute giving it jurisdiction in certain misdemeanor matters. The sheriff of Red River County, together with other officers, went to George Nash's place on the highway about a mile south of Detroit. An old filling station and store building had been occupied as a business place but was locked up and no business was being conducted in it at this particular time. It was formerly used by George Nash,

but there is no evidence that appellant had ever occupied it or that he had charge of it at any time. Inside the building was found an ice box which was locked. The sheriff prized it open and found inside of it one hundred and thirty-two pints of whisky without any tax stamps on them. Leaving the other officers at the place, he went to Detroit where he found appellant getting in his car. He took charge of appellant, drove back towards the premises where the liquor was found, and on the way he met the other officers. He stopped and searched appellant, finding on his person a bunch of keys. They returned to the premises and with one key unlocked the door to the building. Another would fit and work the lock on the ice box where the whisky was found.

Appellant didn't testify in the case and there is no other evidence connecting appellant with the ownership, possession or control of the whisky. He is not shown to have lived near it or even to have visited the place. It is not shown what kind of lock was on the building nor the box, except that it is a padlock. It might have been an ordinary door lock, so far as the record is concerned, or some other kind which many keys would open.

The sheriff testified on cross-examination that he understood the property was owned by George Nash, who was in charge of it and lived across the road from it; that it contained only the ice box and some junk and that it was last used by George Nash. He said further that he didn't know whether or not the appellant ever conducted a filling station or sold any groceries or anything else in that building and never knew of him having charge of it at any time.

Under this state of facts the evidence does nothing more than create a suspicion against the appellant, but is by no means sufficient to support a conviction. Branch's Penal Code, Art. 1877; Hernandez v. State, 72 S. W. 840; Rice v. State, 122 Tex. Cr. R. 64, 53 S. W. (2d) 629.

The judgment is reversed.